## Batchelor et al. v. Mulvin et al.

*Paul F. Koesling,* for plaintiffs.

*Robert J. Firman* and *William W. Knox,* for defendants.

LAUB, J., May 2, 1947.—This is a motion to quash a writ of habere facias possessionem issued after the entry of judgment in ejectment by confession. The chief reasons advanced why the writ should be quashed are (1) that defendants have not unreasonably refused the landlord access to the housing accommodations for the purpose of inspection, or of showing the same to a

prospective purchaser, so as to provide grounds for eviction under section 6(*a*)(2) of the Rent Regulations for Housing, and (2) that proper notice has not been given in accordance with section 6(*d*)(2) of the regulations and the rules of this court.

The matter was previously before us upon a motion to strike off and a petition to open the judgment. The testimony taken upon those pleadings is, by stipulation, for our consideration upon the present motion.

Section 6(*a*)(2) of the Federal Rent Regulations for Housing permits eviction where "The tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of inspection or of showing the accommodations to a prospective purchaser, mortgagee or prospective mortgagee, or other person having a legitimate interest therein . . ." Our decision in this regard therefore hinges upon whether the tenant has unreasonably refused access to the landlord for the purposes mentioned.

Defendant urges upon us the decision of Judge Kitts in Agnello v. Panetta, 49 D. & C. 413. In that case it was said (p. 415) : ". . . we are of the opinion that the tenant should have some advance notice from the landlord before the landlord demands access to the premises." In that case the landlord had been refused admittance on but one occasion and the circumstances attending the refusal at that time do not appear in the opinion. Since the word "unreasonable" has no fixed content but is a relative term, the language used in that case must be deemed applicable to its own peculiar facts. It cannot be deemed a rigid rule which must be followed in all cases.

As used in the regulations, the word "unreasonable" applies to conduct of the tenant and has no relation to that of the landlord except insofar as the latter conditions the former. Unreasonable conduct on the part of the tenant is such conduct as is arbitrary and capricious and it could be indulged regardless of whether

or not the landlord gave notice of an intention to exhibit. In an opinion filed in this case on January 24, 1947, we said: "There is no merit to the contention that plaintiffs were required to give advance notice of the intention to inspect and exhibit. It is enough that the attempted entries were not unreasonable."

Turning to the facts in this case, we find that the refusal of entry on a number of occasions was admitted by defendants. They did give access to prospective purchasers whom plaintiffs brought there for the purpose of showing the premises for sale, but plaintiffs themselves were excluded. Defendants excused this conduct by asserting that the wife defendant was ill and that the wife plaintiff had insulted her. Neither of these excuses was valid: see our opinion of January 24, 1947, supra. The right of a landlord to show his premises for sale and without the unreasonable intervention of the tenant is material and unquestionable under a lease which provides for such contingency. The denial of such right is, of itself, a serious breach of the lease agreement. We conclude that, under the facts before us, the tenant has been guilty of unreasonably refusing the landlord the right of access and if this were all, we should discharge the rule entered on defendants' motion.

Defendants' second reason for quashing the writ is better taken. Section 6(d)(2) of the regulations contains the following requirements:

"At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the area rent office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

Our own court rule (rule 17, section 10 (a) and (b) requires a similar notice to be served upon the defense area rent office and the tenant at least five days before

the date fixed for actual dispossession of the tenant. No such notice was served upon either the tenants or the rent office. Under these circumstances the writ was improperly issued and must be quashed.

And now, May 2, 1947, the rule granted January 30, 1947, to show cause why the writ of habere facias possessionem in this case should not be quashed, is made absolute and the writ is quashed without prejudice to the right of plaintiffs to issue a new writ upon compliance with the necessary rules and regulations.